### AMERICAN ENGINEERING CO. v. STOKER CASTINGS & SERVICE, Inc., et al.

### Civil Action No. 118.

District Court, D. Massachusetts.

Feb. 25, 1942.

J. L. Stackpole and Fish, Richardson & Neave, all of Boston, Mass., and Charles H. Howson, Kennard N. Ware, and Howson & Howson, all of Philadelphia, Pa., for plaintiff.

Thomas M. Vinson, of Winchester, Mass., for defendant.

SWEENEY, District Judge.

In this action there are involved the questions of validity and infringement of two patents, No. 1,620,488 and No. 1,930,897. The plaintiff has moved to have the entire suit dismissed, with prejudice as to the first patent, and without prejudice as to the second. In open court counsel for the plaintiff agreed further that it would waive all claims for past violations either by the defendants or their vendees if its motion were allowed. The defendants object to the dismissal of this suit and insist that the validity of the patent be determined by this court. They say they have been put to great expense in preparing for trial and that a dismissal at this time would be prejudicial to them. The actions have in fact been long pending, and it can be readily understood that the defendants may have expended large sums of money in preparing for trial. In the absence of an offer on the part of the plaintiff to reimburse the defendants for their reasonable costs of preparation, the motion to dismiss must be denied.

It is noted that the validity of patent No. 1,930,897 has apparently been once determined in the plaintiff's favor. See American Engineering Co. v. E. H. Bardes Range & Foundry Co., D.C., 25 F.Supp. 623. The language of the decision, however, strongly indicates that the defense of invalidity was neither stressed nor pressed. Hence, that decision will have little effect upon this court's determination of the question of validity. If the plaintiff desires to dismiss the suit as to patent No. 1,620,488 with prejudice, that portion of its motion may be allowed. The motion to dismiss as to patent No. 1,930,897 is denied.